UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RIVIERA DISTRIBUTORS, INC.        )<br>                                                       )<br>      Plaintiff/Counter-Defendant,  )<br>                                                       )<br>v.                                                    )<br>                                                       )<br>HIGH-TOP AMUSEMENTS, INC.,      )<br>                                                       )<br>      Defendant/Counter-Plaintiff,    )<br>_____)<br>                                                       )<br>HIGH-TOP AMUSEMENTS, INC.,      )<br>                                                       )<br>      Third-Party Plaintiff,                )<br>v.                                                    )<br>                                                       )<br>MARTIN LUSTIG and NORMAN BARMAN, )<br>                                                       )<br>      Third-Party Defendants.          ) | Case No. 07-1239 |

## **ORDER**

On February 5, 2008, Magistrate Judge Byron G. Cudmore filed a Report & Recommendation in the above-captioned case. More than ten days have elapsed since the filing of the Report & Recommendation, and no objections were made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Lockert v. Faulkner*, 843 F.2d 1015, 1017 (7th Cir. 1988); *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986). As the parties failed to present timely objections, any such objections have been waived. *Video Views*, 797 F.2d at 539.

The relevant procedural history is sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge. Riviera Distributors, Inc. brought this litigation

against High-Top Amusements asserting claims of: (1) copyright infringement, (2) false designation, (3) trade dress infringement, (4) violation of the Uniform Deceptive Trade Practices Act, and (5) breach of settlement agreement.  High-Top responded with a counter-complaint: (1) requesting declaratory judgment of the rights and obligations of parties under the settlement agreement; (2) requesting declaratory judgment that Riviera's copyrights are "void, invalid, and unenforceable"; and (3) asserting a breach of contract claim.  High-Top also filed a Third-Party Complaint against Third-Party Defendant Martin Lustig, d/b/a Prestige Industries, Ltd (collectively, "Lustig") and Third-Party Defendant Norman Barman, d/b/a Universal Vending, Universal Video, and Universal Vending LLC (collectively, "Barman"), asserting claims of breach of contract, fraud, and indemnification.

The Court agrees with the recommendation that the declaratory relief sought in Count I of High-Top's Counterclaim is improper because the same relief already is sought in High-Top's other counterclaims and affirmative defenses, and that Count II of High-Top's Counterclaim appropriately is pleaded in the alternative if the Court determines that ¶ 8 of the Settlement Agreement is unenforceable.  The Court also agrees with the recommendation that attorney fees and punitive damages, requested in Count III of High-Top's Counterclaim, are not recoverable pursuant to Illinois law.  The Court grants High-Top leave to file an Amended Counter-Complaint if it believes that it may recover punitive damages resulting from a tort independent of the breach of contract.[1]  The Court agrees with the recommendation that Barman and Lustig may be liable to High-Top if the Court finds High-Top liable on the copyright and trademark infringement claims, and that the Third-Party Complaints therefore are proper.  Finally, the Court agrees that Lustig's

---

1 As amended by Magistrate Judge Cudmore's text order of March 11, 2008.

affidavit is too conclusory to conclude that he lacks sufficient minimum contacts with Illinois so that the exercise of personal jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154 (1945); *see also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S. Ct. 559 (1980); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S. Ct. 2174 (1985); *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 107 S. Ct. 1026 (1987). Detailed information on the nature and extent of all Lustig's business activities (such as where sales are conducted, what products are sold and to who, where and how the products are marketed, where taxes are filed and paid, and whether any agents or employees in Illinois exist), Lustig's purchase of the boards from Riviera or other transactions with Riviera, the alleged infringement, the settlement agreement, negotiations, and litigation will assist the Court in making this determination. The Court agrees with the recommendation that parties may conduct limited discovery and renew the personal jurisdiction issue.

Accordingly, the Court adopts the Report & Recommendation of the Magistrate Judge [#35] in its entirety. Plaintiff's Motion to Dismiss Counts I and II and to Strike Relief Requested in Count III is GRANTED IN PART to the extent that Count I is DISMISSED and the request for attorney fees and punitive damages in Count III is STRICKEN. Counter-Defendant Barman's Motion to Dismiss Third Party Complaint is DENIED. Counter-Defendant Lustig's Motion to Dismiss is DENIED with leave to renew after limited discovery on the question of personal jurisdiction. This matter is referred to the Magistrate Judge for further proceedings.

ENTERED this 11th day of March, 2008.

                                                      /s/ Michael M. Mihm
                                                      Michael M. Mihm
                                                      United States District Judge